# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTONIO WANYA CRAWFORD,

Defendant-Appellant.

FOR PUBLICATION
June 26, 2018

No. 330215
Muskegon Circuit Court
LC No. 14-065291-FC

---

ON REMAND

Before: MARKEY, P.J., and MURPHY and METER, JJ.

MARKEY, P.J. (*concurring in part, dissenting part*)

I concur in the result reached by the majority, but I respectfully disagree that the other-acts evidence in this case, a 2011 robbery that defendant committed, was relevant to prove the proper purpose of defendant's intent without operating through the propensity inference that MRE 404(b) prohibits. According, I conclude, as our Supreme Court did in *People v Crawford*, 458 Mich 376, 397; 582 NW2d 785 (1998), "[b]ecause MRE 404(b) expressly prohibits the use of prior bad acts to demonstrate a defendant's propensity to form a certain mens rea, . . . the trial court abused its discretion in admitting evidence of the defendant's prior" robbery. Nevertheless, I agree with the majority and this Court's prior opinion that the evidentiary error in admitting the other-acts evidence was harmless. *People v Crawford*, unpublished per curiam opinion of the Court of Appeals, issued May 16, 2017 (Docket No. 330215), slip op at 6, n 3, citing *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999).

Following a jury trial, defendant was convicted of two counts of armed robbery, MCL 750.529, and the trial court sentenced him to concurrent terms of 9½ to 32 years imprisonment. On his appeal by right, this Court affirmed defendant's convictions and sentences. In lieu of granting leave to appeal, our Supreme Court vacated the part of this Court's opinion "addressing whether the other-acts was probative of defendant's intent," and remanded this case to this Court for reconsideration in light of *People v Denson*, 500 Mich 385 (2017)." *People Crawford*, __ Mich __; 906 NW2d 789 (2018). This Court is directed to "reconsider whether the other-acts evidence was relevant to show the necessary intent for armed robbery and not merely propensity for wrongdoing." *Id*. In all other respects, the Court denied defendant leave to appeal. *Id*.

-1-

On reconsideration, I conclude that the trial court abused its discretion by admitting the other-acts evidence. The evidence of the prior robbery was only marginally probative of defendant's intent regarding the charged armed robbery, and I believe only operated to show his intent through the prohibited inference of propensity. The evidence sought to negate defendant's statement of innocent intent regarding his conduct *before* the robbery occurred, a point when defendant's intent was of little consequence. More important, the prosecution did not establish a logical intermediate inference, other than propensity, through which the evidence was material and probative of the necessary intent for robbery.

"MRE 404(b) prohibits the admission of other-acts evidence when the prosecution's only theory of relevance is that the other act demonstrates the defendant's inclination for wrongdoing in general and thus indicates that the defendant committed the conduct in question." *People v Denson*, 500 Mich 385, 398; 902 NW2d 306 (2017). Also, the prosecution bears the burden of articulating a proper noncharacter purpose for the other-acts evidence. *Id*. More is required than a rote incantation of a permissible purpose; the prosecution must explain how the evidence relates to the proper purpose other than through propensity. *Id*. at 400. "[M]erely *reciting* a proper purpose does not actually demonstrate the *existence* of a proper purpose for the particular other-acts evidence at issue and does not automatically render the evidence admissible." *Id*.

The *Denson* Court further stressed that trial courts must closely scrutinize the logical link between the other-acts evidence and the asserted proper, non-propensity purpose. Indeed, logical relevance is the "touchstone" of admissibility of other-acts evidence, which requires showing both materiality and probative value. *Denson*, 500 Mich at 400-401. "Materiality is the requirement that the other-acts evidence be related to" a consequential fact. *Id*. at 401. Evidence has probative value when it is relevant, "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; *Denson*, 500 Mich at 401-402. The prosecution must assert not only a proper purpose for the evidence but also "*explain how* the evidence is relevant to that purpose *without relying on a propensity inference*." *Denson*, 500 Mich at 402 (emphasis added). I conclude the prosecution failed to articulate an intermediate, non-propensity inference through which the prior robbery tended to prove defendant's intent in this case.

The intent necessary for the offense of armed robbery is the intent necessary to commit larceny. *People v Williams*, 288 Mich App 67, 76; 792 NW2d 384 (2010). The intent necessary to commit larceny is supplied by the common law, which is the intent to steal another's property or to permanently deprive the owner of his or her property. *People v March*, 499 Mich 389, 401; 886 NW2d 396 (2016); *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). By definition, the necessary intent for robbery must exist while the defendant is "in the course of committing a larceny," MCL 750.530(1), which "includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2). In other words, defendant's intent *before* attempting to commit a larceny is not a fact necessary to prove the offense of robbery but may, of course, be probative of defendant's future intent while "in the course of committing a larceny." MCL 750.530.

In my view, the prosecution has failed to meet its burden of showing that the other-acts evidence is logically relevant to the asserted proper purpose of intent through some intermediate

inference other than propensity. *Denson*, 500 Mich at 402. The prosecution contended that the other-acts evidence was relevant to show a scheme, plan, or system of doing an act. But this Court determined that there were insufficient similarities between the charged offense and the prior act for the other-acts evidence to be admitted under this theory. See *Crawford*, unpub op at 5-6; see also *Denson*, 500 Mich at 403 ("If the prosecution creates a theory of relevance based on the alleged similarity between a defendant's other act and the charged offense, we require a 'striking similarity' between the two acts to find the other act admissible.").

The majority concludes "that admission of the other-acts evidence served the proper purpose of showing defendant's 'intent,' " and also "that the prosecutor established the proper intermediate inference of 'intent' arising from the other-acts evidence, and not the improper inference of character or propensity to commit the crime." In other words, "intent" serves both as the proper fact sought be proved and the intermediate non-propensity inference to get to that proper fact. The majority finds support in *People v VanderVliet*, 444 Mich 52, 79-80; 508 NW2d 114 (1993), in which the Court opined that "[w]hen other acts are offered to show *intent*, logical relevance dictates only that the charged crime and the proffered other acts are of the same general category," (emphasis added; quotation marks omitted), and also noting that mens rea or lack of accident are permissible intermediate inferences, *id.* at 87. But *VanderVliet* also instructs that a proper MRE 404(b) purpose, such as intent, may not be proved when it is proved through the prohibited inference arising from character or propensity. *Id.* at 63-64.

I simply do not agree that the prior robbery shows defendant's "intent" by any inference other than that defendant has the propensity to commit such crimes. As explained by the Court in *Crawford*, 458 Mich at 392-393, other-acts evidence may prove intent through the non-propensity theory of the "doctrine of chances" or "doctrine of objective improbability." See also *VanderVliet*, 444 Mich at 79 n 35. This theory "rests on the premise that 'the more often the defendant commits an actus reus, the less is the likelihood that the defendant acted accidentally or innocently.' " *Crawford*, 458 Mich at 393 (citation omitted). But because intent in some form is almost always an element of the crime, merely asserting that the other-acts will prove intent is insufficient and must be closely scrutinized by courts. See *id.* at 394; *Denson*, 500 Mich at 400. For evidence to be admissible under the theory of the doctrine of chances to prove intent, there must be a close factual nexus in terms of similarity between the evidence and the charged offense. *Crawford*, 458 Mich at 395, n 12, n 13. "If the prosecution creates a theory of relevance based on the alleged similarity between a defendant's other act and the charged offense, we require a 'striking similarity' between the two acts to find the other act admissible." *Denson*, 500 Mich at 403. In this case, the prior robbery is logically relevant to defendant's intent only if, because the two events are so similar, it may be inferred that defendant possessed the intent to commit robbery on each occasion. But this Court held in our prior opinion that the two robberies were not sufficiently similar to be admitted on this basis. *Crawford*, unpub op at 5-6. In my opinion, merely asserting "intent" is both the proper purpose and the non-character intermediate inference of the prior robbery does not render it admissible.

Despite my disagreement with the majority concerning admissibly, I concur that the error in this case was harmless. Under the harmless-error rule, "the effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error." *Lukity*, 460 Mich at 495. In sum, "nonconstitutional error is not a ground for reversal unless 'after an examination of

the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative." *Id*. at 495-496, citing MCL 769.26.

Unlike *Denson*, 500 Mich at 410, the untainted evidence of defendant's guilt in this case was overwhelming. At trial, the testimony of Kammers and Ribon regarding the robbery was generally consistent. Kammers and Ribon identified defendant as the perpetrator at trial and throughout the investigation. Kammers testified that defendant had identified himself as Hicks, and other evidence showed that Hicks looked nothing like defendant and that there was animosity between defendant and Hicks. One witness testified that defendant would use Hicks's name because defendant would not care if Hicks got into trouble.

Further, evidence of defendant's own actions indicated consciousness of guilt. Defendant gave the police conflicting statements regarding his whereabouts and conduct on August 9, 2014. Defendant made a late statement that placed him at Hackley Hospital meeting the victims concerning a video game they had for sale. Further testimony showed that, before trial, defendant approached Kammers and asked him to state on camera that defendant was not the person who robbed him and that the police had given him defendant's name. Consequently, it does not affirmatively appear more probable than not that the error in the admission of evidence of the 2011 robbery was outcome determinative. *Lukity*, 460 Mich at 495-496. Therefore, I would again affirm defendant's convictions and sentences.

/s/ Jane E. Markey

-4-